UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:12-cr-00333 |
| VERSUS | * | JUDGE FOOTE |
| ELTON RAY JONES | * | MAGISTRATE JUDGE HILL |

### REASONS FOR RULING

Pending before the undersigned is Elton Ray Jones' Motion to Enroll Mr. Daniel James Stanford as Mr. Jones' Co-Counsel Along with Mr. William L. Goode filed by defendant, Elton Ray Jones ("Jones"), on November 21, 2013. [rec. doc. 110]. The government filed an objection to the motion on November 27, 2013. [rec. doc. 112]. Jones filed a reply to the government's response on December 4, 2013. [rec. doc. 113]. The undersigned conducted a hearing on the motion on December 11, 2013.

Based on the following reasons, the motion is **GRANTED**.

### BACKGROUND

Jones was charged with attempting to entice a minor to engage in criminal sexual activity in violation 18 U.S.C. §§ 2422(b). Under § 2422(b), Jones faces imprisonment of not less than 10 years to life.

Since the beginning of his case, Jones has been represented by retained counsel William L. Goode ("Goode"). During the course of these proceedings, Judge Foote granted five motions to continue the trial filed by defendant. The last two continuances were filed due to Goode's health.

On October 22, 2013, Judge Foote held a telephone conference in order to select a new trial date in light of the Court's order granting Jones' fifth motion to continue, and to select a date by which Goode would notify the Court whether he would enlist co-counsel or withdraw from this matter. [rec. doc. 109]. The trial was reset to March 10, 2014. In the minutes, Judge Foote made it clear that should standby counsel enroll to assist Goode in trial preparation and/or prepare to handle the examination of any defense witnesses at trial, such standby counsel "should be prepared to proceed to trial in this matter." [rec. doc. 109, n. 2].

At the hearing before the undersigned, Jones testified that he had retained Daniel James Stanford ("Stanford") as co-counsel for his defense and paid Stanford a fee. Jones also testified that Stanford had been working on his case, accordingly at least some of the fee paid has been earned. Goode, who shares office space with Stanford, confirmed that Stanford had spent numerous hours with him working on Jones' case.

On November 21, 2013, Jones filed the instant motion to enroll Stanford as Jones' co-counsel. [rec. doc. 110]. The government objects to the motion for two reasons: (1) Stanford will inevitably not be able to join in Jones' defense in a meaningful manner and be prepared for trial, because not only has he been indicted in a complex conspiracy to distribute synthetic marijuana which is set to go to trial on March 31, 2014, but he also is proceeding *pro se* as his own attorney, and (2) Stanford will have an actual conflict and will not be effective counsel for Jones.

## LAW AND ANALYSIS

In the motion to enroll, Jones indicates that he had retained Stanford to represent Jones along with Goode to try his case scheduled for March 10, 2014. Attached to the motion is Jones'

Waiver of Conflict Free Counsel, in which, *inter alia*, Jones acknowledged that by allowing Goode to continue representing him in this case, he would be "waiving all claims of ineffective assistance of counsel regarding Mr. Goode's representation of me because of his health." [rec. doc. 11, Exhibit A, ¶ 8]. At the hearing, the undersigned conducted extensive questioning of Jones regarding the various scenarios which could potentially arise from his waiver of all claims for ineffective assistance of counsel, after which Jones indicated that he still wanted Goode and Stanford to represent him as co-counsel, and that, accordingly, he waived any conflict of counsel.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561, 165 L. Ed.2d 409 (2006) (*quoting* U.S. CONST. amend. VI). The Supreme Court of the United States has previously held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him. *Id*. (*citing Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice")). The Sixth Amendment "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Id*. (*quoting Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-625, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989)).

Here, I find that Jones is entitled to have Stanford enroll as co-counsel in this case. Jones has paid Stanford a fee, and Stanford has already put numerous hours into working on this case.

Given the fact that the trial is less than four months away, and Judge's Foote's clear intent not to continue this case again, the undersigned doubts that Jones would be able to get other counsel at this late date who could adequately represent him on such a serious charge given this delay. That is particularly so given that Mr. Goode informed the Court that he did not know of other counsel who could be prepared to go forward on the scheduled trial date.

While there are a myriad of issues which could arise in this case, I do not believe that the potential problems regarding Stanford's representation of himself in another case three weeks after Jones' trial is enough to deprive Jones of his right to counsel of his choice, a right guaranteed by the Constitution. As stated by the Supreme Court, the Sixth Amendment "commands, not that a trial be fair, but that a particular guarantee of fairness be provided – to wit, that the accused be defended by the counsel he believes to be best." *Gonzales-Lopez*, 548 U.S. at 146, 126 S. Ct. at 2562.

Accordingly, the motion to enroll was **GRANTED**.

Signed at Lafayette, Louisiana on this 19th day of December, 2013.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE