UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-00333-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ELTON RAY JONES | MAGISTRATE JUDGE C. MICHAEL HILL |

### MEMORANDUM RULING

Before the Court is the Government's First Motion in Limine [Record Document 118], seeking to prevent the Defendant from soliciting, through cross-examination of Government witnesses, any self-serving statements made by the Defendant. The Defendant, Elton Ray Jones ("Jones") opposes the motion. [Record Document 119], and the Government has likewise filed a reply [Record Document 121]. For the reasons that follow, the Government's motion is **GRANTED in part**, consistent with this ruling.

### BACKGROUND FACTS

Defendant Jones is charged with Attempting to Entice a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b), for which Jones was arrested on October 17, 2012.[1] The arrest took place in a McDonald's parking lot shortly after 8:00 p.m. on the night of October 17, 2012, immediately after the Defendant drove into the parking lot and exited his truck. The Court has previously ruled that, upon confrontation between the arresting law enforcement officers and the Defendant,

---

[1] Record Documents 1 (Indictment) and 11 (Minutes granting the Government's oral motion to dismiss all other counts).

*Miranda* rights were given, and were knowingly and intelligently waived before any statements were made by the Defendant.[2] Upon being advised of his rights, Defendant Jones told the arresting officers that he thought he was meeting a college-aged girl.[3] According to the earlier testimony offered by the arresting officers at an evidentiary hearing held on May 17, 2013, Jones did not make any other substantive statements at the McDonald's or during the drive to the LSP Office.[4] Only a short time passed, somewhere between two and ten minutes, before the officers left the McDonald's, with Jones in custody, and drove to the Louisiana State Police ("LSP") Office just a few miles away.[5] At the LSP Office, Jones again stated that he thought he was meeting a college-aged girl. Shortly thereafter, Jones allegedly stated that he knew the girl "was underage and knew what they were doing was wrong."[6]

---

[2] Record Document 53, pp. 108-113.

[3] *See* Record Document 118-1, p. 1, Government's Memorandum in Support of Motion in Limine ("First, after being advised of his rights and the state charges against him, Elton Ray Jones told officers he thought he was meeting a college-age girl."); Record Document 121, p. 2, Government's Reply ("It was after law enforcement approached him and went over his rights and the charges, that Mr. Jones claimed he was there to meet a 'college aged' girl."); and Record Document 119, p. 1, Jones' Response to Government's Motion in Limine ("...Mr. Jones' immediate response was that he thought he was meeting a 'college age girl.' Mr. Jones was completely surprised by the presence of the police and his arrest."). *See also* Record Document 53, p. 48, lines 8-9 and 17-21 (Trooper Hal Hutchinson's testimony at the May 17, 2013 evidentiary hearing, that Defendant Jones "said he thought he was meeting a college girl[,]" in response to being advised of the charges against him and being advised of his *Miranda* rights.); and p. 90, lines 23-24 (Defendant Jones' testimony at the May 17, 2013 evidentiary hearing: "He told me it was solicitation of a minor, and I said, no, I was supposed to meet a college girl.").

[4] *See* Record Document 53, pp. 47-48.

[5] *See* Record Document 53, p. 49, Trooper Hutchinson ("Maybe two minutes"); p. 39, Sergeant Steve McGovern ("the whole intercept was probably ten minutes...From the time he was arrested until the time we were back at the office, it might have been 15, 18 minutes at the most."); and p. 24, retired LSP Officer Greg Matirne ("I don't think we were [at the McDonald's] more than 10, 15 minutes.").

[6] Record Document 119, p. 2.

## **CONTENTIONS OF THE PARTIES**

The Government argues that Defendant Jones' statements are hearsay and should not be admitted, via cross-examination of the Government's witnesses, during the Government's case-in-chief. The Government maintains that there is no hearsay exception which might allow those statements into evidence through any defense witness other than Jones, and the statements should therefore only be introduced if Jones elects to testify as the declarant of those statements at trial. On the other hand, Jones argues that allowing the Government to present Jones' alleged inculpatory statements while excluding any exculpatory statements would result in prejudicial unfairness. Jones claims that such a ruling could ultimately deny Jones his Fifth Amendment right against self-incrimination. Jones further argues that the statement made in the parking lot is admissible under Rule 803(3) as a statement of his then-existing "state of mind/plan," and the statement made at the LSP Office is admissible under Rule 106, commonly referred to as the "rule of completeness."[7]

As to the statements made by the Defendant at the LSP Office, the Government "agrees, under an anlaysis of Federal Rules of Evidence 106, 403 and 611 with the particular facts and issues in this case, that all of Jones' statements at the LSP Office should be admitted together, or nothing at all."[8] Therefore, if the instant motion in limine is granted, the Government agrees "to forgo admission of Jones' ultimate

---

[7] Record Document 119, pp. 3-4.

[8] Record Document 121, p. 4.

concession to Trooper Hutchinson that what he had done was wrong" and will limit the direct examination of Government witnesses to the arrival and arrest of Jones in the McDonald's parking lot.[9]

## LAW AND ANALYSIS

Federal Rule of Evidence 801 defines hearsay as a statement that the declarant does not make while testifying at the current trial or hearing and which a party offers in evidence to prove the truth of the matter asserted in the statement. Rule 802 generally prohibits the admissibility of hearsay and "is premised on the theory that out-of-court statements are subject to particular hazards." *Williamson v. United States*, 512 U.S. 594, 598 (1994). "The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener. And the ways in which these dangers are minimized for in-court statements –the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine– are generally absent for things said out of court." *Id.* However, several exceptions to the rule against hearsay exist.

Pursuant to Rule 803(3), the following is not excluded by the rule against hearsay, regardless of whether the declarant is available:

---

[9] *Id.*

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), *but not including a statement of memory or belief to prove the fact remembered or believed* unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3) (emphasis added). Defendant Jones argues that his statement, in the McDonald's parking lot that he thought he was there to meet a college-aged girl "was a statement of Mr. Jones' then existing state of mind/plan and as such is an exception to the hearsay rule." The Court disagrees. The above-emphasized portion of Rule 803(3) clearly excludes from the exception mental state declarations that are "a statement of memory or belief to prove the fact remembered or believed." Were this not the case, hearsay statements could readily be construed as admissible declarations of mental state, which would effectively swallow the rule against hearsay. *See Shepard v. United States*, 290 U.S. 96, 105-106 (1933) ("Declarations of intention, casting light upon the future, have been sharply distinguished from declarations of memory, pointing backwards to the past. There would be an end, or nearly that, to the rule against hearsay if the distinction were ignored.").

Given the Court's ruling herein, the Court will decline to address the admissibility of the later statements made by the Defendant at the LSP Office. The Government has conceded that, based on the exclusion of the Defendant's statement made in the parking lot, its direct examination of witnesses will cease with the arrest of Jones in the McDonald's parking lot. The Court acknowledges that representation and adopts it as part and parcel of this ruling.

## CONCLUSION

For the foregoing reasons, the Government's Motion in Limine [Record Document 118] is hereby **GRANTED insofar as** the Government sought to exclude Defendant Jones' statement, made in the McDonald's parking lot, that he thought he was meeting a college-aged girl. To the extent the Government sought to exclude other statements of the Defendant, made at the LSP Office, the motion is hereby **DENIED as moot**, based on the above-stated concession of the Government.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 7th day of March, 2014.

_____
Elizabeth Erny Foote
United States District Judge