UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-00333-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ELTON RAY JONES | MAGISTRATE JUDGE C. MICHAEL HILL |

MEMORANDUM ORDER

Before the Court is Defendant Elton Ray Jones' Motion for New Trial [Record Document 140]. The Government opposes the motion [Record Document 141], and Defendant Jones has likewise filed a reply [Record Document 148]. Upon due consideration and for the reasons that follow, the motion is DENIED.

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Fifth Circuit has held that "a district court does not have the authority to grant a motion for a new trial under Rule 33 on a basis not raised by the defendant." *United States v. Nguyen*, 507 F.3d 836, 839 (5th Cir. 2007). Jones has alleged two bases upon which he argues that a new trial should be granted. First, Jones claims that the Government's case agent, Trooper Hal Hutchinson, gave false testimony and that counsel for the Government knew or should have known such testimony was false. Second, Jones argues that he was denied due process when this Court disallowed

cross-examination of Trooper Hutchinson on the basis of prior rulings made during a pretrial evidentiary hearing.[1]

The decision to grant or deny a motion for new trial is entrusted to the discretion of the trial judge; however, motions for new trial are not favored and are only granted with great caution. *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *Id.* (quoting *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996)).

As to Jones' first alleged basis for new trial, the Court agrees with the Government that there is no evidence to contradict Trooper Hutchinson's testimony, which was given under oath and based on his experience, since 2007, with the Louisiana State Police Crimes Against Children Unit.[2] Jones specifically points to Trooper Hutchinson's responses to questions during the Government's redirect examination as to why his investigation focused on the adult chat room at issue rather than a teen chat room.[3] Trooper Hutchinson explained that his investigations focus on "the state regional" chat rooms, in order to narrow the focus to potential child victims in

---

[1] Specifically, Jones argues that "this Court denied Mr. Jones' due process rights when it very strongly refused to allow Mr. Stanford to cross examine Trooper Hutchinson on Trooper Hutchinson's failure to properly follow the policies and procedures of the Louisiana State Police regarding the recording of arrestees' statements and the proper execution of written waiver of rights form as soon as possible after someone is arrested and before that person is interrogated." *See* Record Document 140, p. 3 (footnotes omitted).

[2] Record Document 146, p. 44, line 15.

[3] Record Document 140-2, pp. 3-4.

Louisiana, and on adult chat rooms because the "kids that we rescue the most of [sic] go into adult rooms like a child sneaks into a barroom."[4] Although Jones emphasizes that this line of questioning arose in response to the Government's redirect, the Court notes that defense counsel questioned Trooper Hutchinson on this topic extensively during cross-examination, such that the Government was entitled on redirect to inquire of Trooper Hutchinson's rationale for making such decisions in conducting investigations.[5] As a motion for new trial based on false testimony requires a finding that the testimony in question was "actually false," Jones' first argument is without merit.[6] *See United States v. Wall*, 389 F.3d 457, 473 (5th Cir. 2004) (internal citations omitted).

Jones' second argument in support of his motion for new trial is based on an allegation that this Court interfered with his fundamental right to present a defense when this Court excluded evidence related to the Louisiana State Police (LSP) policies. The specific policy excerpts in dispute are those related to the recordation of statements of persons arrested by the LSP and those pertaining to the execution of the statement and/or waiver of rights.[7] Prior to trial, an evidentiary hearing was held on

---

[4] *Id.*

[5] *See* Record Document 146, pp. 60-65 (cross-examination of Trooper Hutchinson, regarding his experience with children visiting Yahoo adult romance chat rooms).

[6] In support of his argument that this testimony was actually false, Jones merely states that "Trooper Hutchinson's testimony was actually false because there is no evidence that Trooper Hutchinson's testimony was true." *See* Record Document 140, p. 2. The Court is unpersuaded by this conclusory allegation in the face of testimony given under oath and on the basis of the officer's years of experience with similar investigations.

[7] It has been brought to the Court's attention, for the first time in the Government's opposition to Defendant's motion for new trial, that the LSP policy originally presented to this Court at the suppression

Jones' first motion to suppress, in which Jones sought to exclude an inculpatory statement made at the time of his arrest on the basis that said statement was made without a voluntary and knowing waiver of Jones' *Miranda* rights.[8] At the conclusion of that hearing, the Court found that *Miranda* rights were given and that they were knowingly and intelligently waived before Jones made any statements to law enforcement officers.[9] Thereafter, the Government moved in limine to exclude exculpatory statements by the Defendant and conceded that it would not introduce later inculpatory statements made by the Defendant in its case-in-chief.[10] The Court granted the motion and accepted the Government's concession.

In light of these rulings, the Court then excluded any mention of *Miranda* warnings or statements made by the Defendant, on the basis that none of the Defendant's statements would be offered and therefore *Miranda* warnings and the LSP

---

hearing held on May 17, 2013 was not applicable to the facts of this case [*See* Record Document 53, pp. 8-9 and Record Document 82 (LSP policy admitted for limited purpose of the suppression hearing)]. The Government states that it learned of this fact "in the weeks leading up to trial." [Record Document 141, p. 6]. Based on the Government's representation, the Court is left with the impression that the Government intentionally failed to bring this fact to the Court's attention in an effort to correct the record before the Court. The Court is disappointed that the Government did not disclose this information in a more timely fashion. Nonetheless, the Court unequivocally finds that whether or not that LSP policy was in effect at the time of Jones' arrest and/or applicable to Jones' arrest or interrogation is not relevant to any legal rulings made by the Court.

[8] Record Documents 47 (Minutes, Motion Hearing held on May 17, 2013) and 22 (Jones' Motion to Suppress).

[9] Record Document 53, p. 113, lines 5-7.

[10] Record Document 126 (Via pretrial Memorandum Ruling, the Court granted in part the Goverment's motion in limine [Record Document 118] insofar as the Government sought to exclude Defendant Jones' exculpatory statement, made in the McDonald's parking lot, that he thought he was meeting a college-aged girl. Regarding other statements of the Defendant, made at the LSP office, the motion was denied as moot, on the basis of the Government's concession that its direct examination of witnesses would cease with the arrest of Jones in the McDonald's parking lot. The effect of this ruling was to exclude all inculpatory and exculpatory statements made by Defendant Jones to law enforcement officers during the course of his arrest for the instant crime.).

policies relating thereto were simply not relevant at trial.[11] As to the recording of statements, the Court likewise issued a pretrial ruling that it was "undisputed that Trooper Hutchinson failed to record his interview of Defendant Jones[;] [t]herefore, the fact that this particular policy language exists is not relevant, as it does not tend to make any fact more or less probable than it would otherwise be."[12] Thus, in both instances, the Court had given these issues due consideration prior to trial. The Court found that the jury would be tasked with weighing the evidence, including the testimony and credibility of Trooper Hutchinson, but that the specific LSP policies were not relevant to any issue before the jury. The Court's legal rulings are in the record and do not bear repeating herein. In accordance with the "law of the case" doctrine, it is generally the practice of courts "to refuse to reopen what has been decided." *See Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Therefore, the Court finds that the second basis for Jones' motion for new trial also lacks merit.

---

[11] Record Documents 146, pp. 108-109 (During a sidebar conference between counsel and the Court, the Court reminded defense counsel that any mention of *Miranda* warnings or statements made during the arrest of Jones were not relevant and therefore inadmissible.).

[12] Record Document 97.

Accordingly, for the reasons stated herein, the Court finds that there has been no miscarriage of justice which might warrant a new trial; therefore, Defendant Jones' Motion for New Trial [Record Document 140] is hereby DENIED.

THUS DONE AND SIGNED in Shreveport, Louisiana this 2nd day of July, 2014.

_____
Elizabeth Erny Foote
United States District Judge