UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:12-0333** |
| | **CIVIL NO. 6:17-0096** |
| **VERSUS** | |
| | **JUDGE FOOTE** |
| **ELTON RAY JONES** | |
| | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Correct Illegal Sentence filed by petitioner, Elton Ray Jones, pursuant to 28 U.S.C. § 2255. [rec. doc. 173]. The Government has filed a Memorandum in Opposition. [rec. doc. 178]. Petitioner has not filed a Reply. Petitioner is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

In the instant motion to vacate, although unclear, it appears that petitioner asserts that he was entrapped, that his right to due process was violated because his statement was not recorded and he was not required to sign a *Miranda* rights form, that Trooper Hutchinson lied in Court and that contrary to the Fifth Circuit's finding on direct appeal, the "Ashton Thibodaux chat" was improperly admitted into evidence and did not constitute harmless error. For the following reasons, the undersigned recommends that Elton Ray Jones's § 2255 Motion to Correct Illegal Sentence [rec. doc. 173] be **DENIED AND DISMISSED WITH PREJUDICE**.

## STATEMENT OF CLAIM

On March 11, 2014, petitioner was found guilty of attempting to entice a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). [rec. doc. 135]. Petitioner appeared for sentencing on July 11, 2014, at which time petitioner was sentenced to 120 months imprisonment. [rec. doc. 155 and 157].

The conviction stemmed from online chat conversations petitioner engaged in with Louisiana State Police Detective Hutchinson who was posing as a 14 year old girl named "Jenny Dupre", which eventually led to an attempted meeting between "Jenny" and petitioner. When he arrived, however, petitioner was arrested.

During this same time period when petitioner was chatting with "Jenny", petitioner also was chatting online with a Kenner Police Department detective posing as a 14 year old girl named "Ashton Thibodaux." Those chats did not proceed beyond simple conversation and contained no explicit communication. While uncharged, the government presented evidence of this similar conduct at petitioner's trial.

Petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeal on September 10, 2015. [rec. doc. 171]. On appeal petitioner raised an insufficiency of the evidence claim arguing that there was insufficient evidence that he believed the victim, "Jenny", was a minor and that the

court erroneously admitted evidence of the uncharged conversation with purported minor "Ashton Thibodaux." With respect to the former, the Fifth Circuit found that the jury was entitled to reject petitioner's construction of the evidence, that he believed "Jenny" to have been an adult. The Fifth Circuit found it unnecessary to reach the latter claim because any error in admission of the evidence was harmless given the "relatively benign" nature of the "Aston Thibodaux" conversations and the "overwhelming nature of the evidence" of the charged offense thereby "belie[ing] any concern that the "Ashton Thibodaux" chat had any effect on the jury's verdict."

The United States Supreme Court denied a writ of certiorari on January 19, 2016. [rec. doc. 172]. Thus, petitioner's conviction and sentence became final that date. The instant Motion was signed by petitioner on January 5, 2017, and according to the tracking information available on the Internet, the Motion was received by the United States Postal Service in Lufkin, Texas on January 17, 2017[1] and was received and filed by the Clerk of this Court on January 20, 2017. The record reveals that petitioner's residence prior to his incarceration was with his wife in Zavalla, Texas, which is approximately 24 miles from Lufkin, Texas.[2] [rec. doc. 154, PSI, ¶ 35].

---

[1] *See* USPS.com, tracking number 9405510200881280456079.

[2] *See* www.mapquest.com

## LAW AND ANALYSIS

### I. Timeliness of the Instant Motion

The government contends that the instant motion has been untimely filed because petitioner is not entitled to the benefit of the "mailbox rule". The Court agrees.

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on January 19, 2016 when the United States Supreme Court denied writs of certiorari. *Clay v. United States,* 537 U.S. 522, 527(2003); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner therefore had one year, or until January 19, 2017 to file his § 2255 Motion in this Court.

The Motion was signed by petitioner on January 5, 2017, before the expiration of the one year limitation period, but was not received by this Court until January 20, 2017, after the one year limitation period expired.

Under the "mailbox rule", a pleading is deemed "filed" as of the day it is placed in the prison's mailing system for transmission to the Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). To be timely, the pleading must be deposited in the institution's internal mailing system for delivery to the Court on or before the last day for filing and the

prisoner must use the institution's mailing system to transmit his pleadings to the Court.³ *Spotville*, 149 F.3d at 376 *quoting Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998) ("a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." ); *see also* Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts. It is the defendant's burden to make a preliminary showing that he is entitled to the benefit of the "mailbox rule." *United States v. Holt*, 650 Fed. Appx. 170, 170 (5th Cir. 2016) *citing Medley v. Thaler,* 660 F.3d 833, 840 (5th Cir. 2011).

The government argues that the box in which the Motion was mailed to this Court was sent from Lufkin, Texas, near where petitioner formerly resided with his wife, not Oakdale, Louisiana where petitioner is incarcerated. Thus, the government contends that petitioner did not use the institution's mailing system to transmit his Motion to this Court, but rather, an outside person or intermediary, presumably petitioner's wife or other relative living in or near Lufkin, Texas sent the petition on petitioner's behalf. Accordingly, he is not entitled to the benefit of the "mailbox rule." Petitioner has failed to provide any response to the government's argument, nor has petitioner provided any competent evidence to this Court to satisfy his burden that the "mailbox rule" should be applied in this

---

³The Court presumes that FCI Oakdale has an internal mailing system which complies with federal regulations. *See e.g.* 18 C.F.R. § 540.10, § 540.11 and § 540.19.

case. Under the circumstances, the Court finds the "mailbox rule" inapplicable, and petitioner's motion cannot be considered timely under the period established by 28 U.S.C. § 2255(f)(1).

Petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not met his burden of showing that rare, exceptional or extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion, nor does the record support equitable tolling of the statute of limitations. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Claims similar to those asserted by petitioner are common and are routinely made by *pro se* petitioners. Further, as set forth

above, the record does not demonstrate that petitioner pursued his rights diligently. Petitioner waited until the one-year limitation period had almost run before he attempted to transmit his pleadings to this Court utilizing an intermediary to do so. Petitioner's status as a *pro se* litigant is insufficient to equitably toll the limitation period and does not relieve petitioner from following applicable procedural rules. *United States v. Petty,* 530 F.3d, 361, 365-366(5th Cir. 2008); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 14 (5th Cir. 2002). Additionally, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Id*. at 366; *Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000).

Therefore the Court finds that Elton Ray Jones's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

**II. Merits**

To the extent that the instant Motion may be deemed timely filed, for the reasons set forth below, petitioner is not entitled to relief on any of the claims raised.

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds for relief: (1) "that the sentence was

imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of review is actually narrow. The Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do service for an appeal." *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076 (1992) *citing United States v. Frady,* 456 U.S. 152, 165(1982). Following a conviction and exhaustion or waiver of the right to direct appeal, federal courts presume a defendant stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998) *citing Shaid,* 937 F.2d at 231-32; *Frady,* 456 U.S. at 164. As a result, review under § 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude. *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232; *Hill v. United States,* 368 U.S. 424, 428 (1962). However, those issues may not be raised for the first time on collateral review without a showing of both cause for the procedural default and actual prejudice

resulting from the error. *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232 *citing Frady,* 456 U.S. at 166.[4]

Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Cervantes*, 132 F.3d at 1109 *citing United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992).

The government correctly asserts that all of petitioner's claims, except his claim regarding the "Ashton Thibodaux" chat, are procedurally barred and may not properly be considered in this § 2255 Motion. These claims were not presented on direct appeal and petitioner has failed to demonstrate either cause or prejudice for his default or actual innocence. These claims include the following: that he was entrapped, that his right to due process was violated because his statement was not recorded and he was not required to sign a *Miranda* rights form, and that Trooper Hutchinson lied in Court.

Petitioner's claim that the "Ashton Thibodaux chat" was improperly admitted into evidence and did not constitute harmless error is simply not

---

[4] A departure from the cause and actual prejudice test might be warranted in cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Shaid*, 937 F.2d at 232; *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645 (1986). As set forth below, there has been no constitutional violation in petitioner's case and petitioner has not demonstrated that he is actually innocent. Accordingly, this exception is inapplicable here.

cognizable in this § 2255 proceeding because the claim was raised and rejected on direct appeal by the Fifth Circuit. *United States v. Jones*, 615 Fed. Appx. 213, 215 (5th Cir. 2013). It is well-settled that claims which have been raised and considered on direct appeal cannot be re-considered in a subsequent § 2255 motion. *United States v. Rocha,* 109 F.3d 225, 230 (5th Cir. 1997) *citing United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *U.S. v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994). Nevertheless, these claims will be briefly addressed below.

**1. Entrapment**

"The critical determination in an entrapment defense is whether criminal intent originated with the defendant or with government agents." *United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009) (citation omitted). Entrapment occurs when the government causes an offense to be "committed by a person other than one ready to commit it." *Id.* The government may not "implant in an innocent person's mind the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute." *Id. quoting Jacobson v. United States*, 503 U.S. 540, 548 (1992).

Entrapment operates through a burden shifting regime. *Id.* The defendant must first "make out a prima facie case that the government's conduct created a substantial risk" of entrapment. *Id*. (citation omitted). This requires the defendant to make a *prima facie* showing of (1) his lack of predisposition to commit the

offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense. *Id.*

"[A] defendant's ready and willing participation in government-solicited criminal activity, standing alone, is sufficient to prove predisposition." *United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001). Moreover, "[i]t is proper (i.e., not an 'inducement') for the government to use a 'sting,' at least where it amounts to providing a defendant with an 'opportunity' to commit a crime."" *United States v. Gutierrez*, 343 F.3d 415, 420 (5th Cir. 2003).

The record demonstrates that petitioner was not entrapped. He initiated the original contact and all conversations with "Jenny", except when Agent Kudgus called petitioner while he was on his way to meet her for sex, to find out his time of arrival and to change the meeting place from a park to a McDonald's restaurant. By this time, petitioner had already told Jenny that he wanted to see her nude, offered to buy her a web camera so he could see her, asked her about her sexual history and experience, gave his telephone number to her to facilitate further communication, told her wanted to have sex with her and suggested that they meet in person. All of these communications took place despite the fact that Jenny had told petitioner within minutes of the initial contact that she was only 14 years old, and that throughout the chats, Jenny made frequent reference to her mother, homework and her home schooling to reinforce that she was a minor. Thus, the

requisite criminal intent originated with the petitioner, who was ready and willing to commit the crime of which he was convicted. Petitioner did not have an innocent person's mind, nor did he lack of predisposition to commit the offense. On direct appeal the Fifth Circuit rejected petitioner's insufficient evidence argument based on his claim that he lacked guilty knowledge of "Jenny's" age, finding instead that the jury could have inferred that petitioner was aware he was communicating with a minor.  Petitioner is therefore not entitled to relief on his entrapment claim.

**2. Statement not Recorded/*Miranda* Rights Form**

Petitioner complains that Detective Hutchinson failed to record his interview or obtain a written *Miranda* rights waiver form in violation of his right to Due Process.  He cites no authority for his contention that he had a due process right to a recorded interview or a written *Miranda* rights waiver form, and the Court has found none.  To the contrary, there is no requirement that law enforcement officers record interviews in order for statements made during an unrecorded interview to be admissible. *United States v. King*, 424 Fed. Appx. 389, 392, 394 and fn. 12 (5th Cir. 2011) (admitting defendant's confession obtained during an unrecorded interview via law enforcement officer's testimony); *United States v. Short,* 947 F.2d 1445, 1451 (10th Cir. 1991) (denying suppression of defendant's incriminating statements during unrecorded police interview noting

12

there was no law to support the defendant's position) *citing United States v. Valdez*, 880 F.2d 1230, 1233 (11th Cir. 1989) (inculpatory statements admissible although officers failed to take notes or record statements) and *United States v. Coades,* 549 F.2d 1303, 1305 (9th Cir. 1977) (FBI agent may testify regarding defendant's confession even though the agent did not electronically record the confession). The Supreme Court has stated that "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of [a] waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). In connection with his first pre-trial motion to suppress, the district court found that petitioner's statements were made after he was properly *Mirandized* and knowingly and voluntarily waived his rights [*See* rec. docs. 22 and 47; 53, pgs. 105-110]. In connection with his second motion to suppress, the district court found no legal requirement that statements be recorded. [*See* rec. doc. 90 and 97]. Finally, the government never elicited testimony at trial about any inculpatory statements made by petitioner to the detectives. Therefore, petitioner has shown no prejudice to his substantial rights or that his trial was rendered fundamentally unfair by the fact that his statement was unrecorded or that his *Miranda* waiver

was oral rather than written.[5]  Petitioner is therefore not entitled to relief on either of these claims.

### 3. Perjury of Trooper Hutchinson

Petitioner complains generally that Trooper Hutchinson "lied to get a conviction." [rec. doc. 173, pg. 7].  He provides no specific details regarding this accusation other than that Trooper Hutchinson "lied about his age on the internet. He said 14."  However, the participation of a law enforcement officer posing as a minor in a sting operation is not *per se* unlawful, nor does testimony regarding the operation constitute perjury.  Accordingly, petitioner has not demonstrated a "reasonable likelihood that . . . false testimony could have affected the judgment of the jury." *Kyles v. Whitley*, 514 U.S. 419, 433, fn. 7 (1995) *quoting United States v. Agurs*, 427 U.S. 97, 103 (1976).

The record does not suggest that Trooper Hutchinson engaged in outrageous government conduct sufficient to rise to the level of a due process violation. Outrageous government conduct occurs when the actions of law enforcement officers are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United*

---

[5] In general, a Due Process violation requires the petitioner to show more than prejudice to his substantial rights; he must establish that an error rendered his trial fundamentally unfair.  *Kirkpatrick v. Blackburn,* 777 F.2d 272, 279 (5th Cir. 1985); *Lisenba v. California*, 314 U.S. 219, 236 (1941) ("In order to declare a denial of [due process] we must find that the absence of [fundamental] fairness fatally infected the trial. . . .").

*States v. Russell*, 411 U.S. 423, 431– 432 (1973). The government conduct must be "shocking to the universal sense of justice" *United States v. Rodriguez,* 603 Fed. Appx. 306, 312-313 (5th Cir. 2015)*; United States v. Yater*, 756 F.2d 1058, 1065 (5th Cir.1985). Accordingly, a "due process violation will be found only in the rarest and most outrageous circumstances." *Id. citing United States v. Tobias*, 662 F.2d 381, 386 (5th Cir.1981). Such circumstances are not present and outrageous conduct will not be found when, as here, "the defendant is an active, willing participant in the criminal conduct that leads to his arrest." *Id. citing United States v. Posada Carriles*, 541 F.3d 344, 361 (5th Cir.2008).

### 4. Ashton Thibodeaux Chat

Petitioner complains that testimony regarding the "Ashton Thibodaux chat" was improperly admitted into evidence, and contrary to the Fifth Circuit's finding on direct appeal, did not constitute harmless error.

Admission of evidence of an extraneous offense may constitute a constitutional violation if it results in a denial of a fundamentally fair trial under the due process clause. *United States v. Jackson*, 52 F.2d 1067, 1995 WL 241800, *2 (5th Cir. 1995) *citing Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir.1983). However, even if testimony was erroneously admitted, relief is justified

only if the testimony was a "crucial, critical, highly significant factor" in the defendant's conviction. *Id. Porter,* 709 F.2d at 957.

As found by the Fifth Circuit on direct appeal, even if the testimony was erroneously admitted, given the "overwhelming" evidence of petitioner's guilt on the charged offense and the "relatively benign" nature of the "Aston Thibodaux" conversations, thereby "belie[ing] any concern that the "Ashton Thibodaux" chat had any effect on the jury's verdict", the court cannot find that the admission of this testimony was a crucial, highly significant factor in the defendant's conviction. *Jackson citing Porter, supra.* Accordingly, petitioner is not entitled to relief on this claim.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Elton Ray Jones's § 2255 Motion to Correct Illegal Sentence [rec. doc. 173] be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk

of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 6th day of April, 2017.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**